■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LORENZO BRESCIO, Appellant.— Judgment, Supreme Court, New York County, rendered on May 23, 1973, convicting defendant, upon his plea of guilty, of perjury in the third degree and sentencing him to a four-month term of imprisonment and a $1,000 fine, unanimously reversed, on the law, and the indictment dismissed. Defendant was indicted on July 31, 1967 and charged with four counts of perjury in the first degree and pleaded not guilty to such charges on February 26, 1968. On December 10, 1968, defendant's application for discovery and inspection of certain material was granted to the extent of requiring the District Attorney, at least 30 days before trial, to disclose to defense counsel any exculpatory evidence in his possession and to make available to counsel all eavesdropping orders which defendant had standing to challenge, together with any tapes or recordings made as a result thereof. Thereafter, some 26 months elapsed before partial compliance with said order was made and it was not until November 6, 1972 (almost four years after the aforesaid order was granted) that the prosecutor advised defense counsel that he possessed no exculpatory material. On March 20, 1973, defendant's motion for dismissal of the indictment was granted unless

the trial was commenced within 30 days thereafter. In our opinion the motion should have been unconditionally granted since, in the circumstances here presented, the delay of over 5½ years between the indictment and the scheduled trial was unreasonable as a matter of law. While several adjournments can be attributed to defense counsel, the prosecutor has failed to establish good cause for the 26-month delay in complying, even partially, with the discovery order. (Cf. *People* v. *Prosser*, 309 N. Y. 353; *People* v. *Minicone*, 28 N Y 2d 279, cert. den. 404 U. S. 853.) Concur — McGivern, J. P., Murphy, Lane, Steuer and Capozzoli, JJ.